UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jodi L. W.,                                              Civ. No. 20-481 (PAM/TNL)

            Plaintiff,

v.                                                                   **ORDER**

Andrew M. Saul, Commissioner of Social
Security,

            Defendant.

---

Plaintiff Jodi L. W. brings the present action, contesting Defendant Commissioner of Social Security's denial of her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381.  The parties filed cross-Motions for Summary Judgment.  For the following reasons, the Court grants Plaintiff's Motion, denies Defendant's Motion, and remands this matter for further proceedings.

**BACKGROUND**

**A.    Procedural History**

Plaintiff initiated her claim on August 31, 2016, alleging a disability onset date of February 26, 2016—the date immediately following a previous denial of benefits.  Plaintiff alleges impairments of traumatic brain injury, mental health, depression, hepatitis C, anxiety, attention deficit disorder, neck surgery in 2015, right side weakness, and memory loss.  Plaintiff's claim was denied initially and that finding was affirmed upon reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge.  A hearing was held and, on May 30, 2019, the ALJ issued a decision denying Plaintiff's SSI

claim.  Plaintiff sought review of the ALJ's decision through the Appeals Council, which

denied review.  Plaintiff now seeks review in this Court.

## B.      The ALJ's Decision

The ALJ found Plaintiff has the severe impairments of major depressive disorder,

attention-deficit hyperactivity disorder, generalized anxiety disorder, posttraumatic stress

disorder, degenerative disc disease of the cervical spine, and ulnar neuropathy.  (Admin.

R. "AR" (Docket No. 10) at 19.)  The ALJ next concluded that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the severity of a

listing in 20 C.F.R. pt. 404, subpt. P, app. 1.  (AR 20.)  The ALJ looked at Listings 1.04

(disorders of the spine), 11.14 (peripheral neuropathy), 12.04 (anxiety and obsessive-

compulsive disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15

(trauma- and stressor-related disorders).  (AR 20-22.)  The ALJ determined Plaintiff has

the residual functioning capacity ("RFC") to perform light work "except she can never

climb ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs; can

frequently handle, finger, and feel objects with the right upper extremity; is limited to the

performance of simple, routine, and repetitive tasks; and can have only occasional

interactions with the public and coworkers.  (AR 22.)  While Plaintiff could not perform

her past work, the ALJ concluded that there are jobs that exist in significant numbers in the

national economy that Plaintiff could perform when considering her age, education, work

experience, and RFC.  (AR 25.)  Accordingly, Plaintiff was found not disabled from August

31, 2016 through the date of decision.  (AR 26.)

**ANALYSIS**

Disability benefits are available to individuals determined disabled.  42 U.S.C.

§ 1381a; 20 C.F.R. § 416.901.

> To determine disability, the ALJ follows the familiar five-step process,
> considering whether: (1) the claimant was employed; (2) she was severely
> impaired; (3) her impairment was, or was comparable to, a listed
> impairment; (4) she could perform past relevant work; and if not,
> (5) whether she could perform any other kind of work.

Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010) (citing 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(4)).  In general, the burden of proving the existence of

disability lies with the claimant.  Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991).

If "substantial evidence" supports the findings of the Commissioner, then these

findings are conclusive.  42 U.S.C. § 405(g).  The Court's review of the Commissioner's

final decision is deferential because the decision is reviewed "only to ensure that it is

supported by substantial evidence in the record as a whole."  Hensley v. Barnhart, 352 F.3d

353, 355 (8th Cir. 2003).  The Court's task is "simply to review the record for legal error

and to ensure that the factual findings are supported by substantial evidence."  Id.  A court

cannot reweigh the evidence or "reverse the Commissioner's decision merely because

substantial evidence would have supported an opposite conclusion or merely because [a

court] would have decided the case differently."  Harwood v. Apfel, 186 F.3d 1039, 1042

(8th Cir. 1999).

Here, the ALJ rejected the opinions of Plaintiff's examining and treating mental

health providers, the opinions of the state agency medical and psychological consultants,

and the disability determination by the State of Minnesota.  (AR 24-25.)  The ALJ afforded

3

little weight to the state agency medical and psychological consultants because they found

fewer limitations than the medical evidence provided and their opinions were "not entirely

consistent" with the medical record.  (AR 24.)  The ALJ afforded little weight to Plaintiff's

examining and treating mental health providers, finding the degree of limitations they

assessed "not entirely consistent" with the medical record.  (AR 24.)  The ALJ also found

that the providers' opinions were "not entirely consistent" with other providers' notes.

(AR 24.)    Finally, the ALJ gave little weight to the State of Minnesota disability

determination, finding it "not entirely consistent" with Plaintiff's clinical presentation and

conservative and routine course of treatment.  (AR 24.)

Complicating the Court's review of the administrative decision, the ALJ's language

in considering these opinions was imprecise.  Under 20 C.F.R. § 416.927(c), medical

opinions from treating sources are weighed using several factors, including consistency

and supportability.  If a treating source's medical opinion on the nature and severity of a

claimant's impairments is "well-supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

case record," it is given controlling weight.  20 C.F.R. § 416.927(c)(2).  But here, the Court

has no basis to understand what the ALJ meant by "not entirely consistent" when he

weighed the opinions.  "Not entirely" can be synonymous with "mostly" or "partially," but

the ALJ afforded little weight to all of these "not entirely consistent" opinions, denoting

that he rejected everything that fell short of full consistency.  While a "treating physician's

own inconsistency may . . . undermine his opinion and diminish or eliminate the weight

given his opinions," Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (citing Prosch

4

v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000)), the ALJ never specifically found these opinions to be inconsistent with record, just "not entirely consistent." Absent any such conclusion, the Court cannot be satisfied that the ALJ assigned appropriate consideration to the medical opinions or medical record involving these providers when crafting his RFC determination.

This complication in reviewing the ALJ's RFC determination is made even more difficult because, in rejecting all opinions, the ALJ was left with no opinions from medical providers—examining or consulting—on which to craft his RFC determination. It is true that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence," Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000), but the "RFC is a medical question, and an ALJ's finding must be supported by some medical evidence," Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005). Here, the ALJ cannot formulate an RFC merely by splitting the baby of medical opinions to fill the void left by rejecting every opinion offered. See Chunn v. Barnhart, 397 F.3d 667, 672 (8th Cir. 2005). After rejecting all medical guidance from the medical providers, examining and consulting alike, the ALJ was deprived of nothing but his own lay opinion to interpret Plaintiff's complicated mental ailments. Ness v. Sullivan, 904 F.2d 432, 435 (8th Cir. 1990) ("[T]he ALJ must not substitute his opinions for those of the physician."). The ALJ's conclusions are not supported by substantial evidence, and remand is required so that the ALJ may more comprehensively address the substantial evidence in the record.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (Docket No. 12), is **GRANTED**, Defendant's Motion for Summary Judgment, (Docket No. 14), is **DENIED**, and the Commissioner's decision is **VACATED** as to steps four through five and this case is **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  September 29, 2020                    *s/ Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Judge